My name is Federico Sayer and I'm the attorney for the appellant CALSTAR LLC. Although the facts of this somewhat elongated financial transaction are somewhat complex, I believe the issues on appeal and the points that I wish to make with this court's permission are relatively simple. Our brief well sets forth our position, but I will not intend to repeat that. I hope to make succinct points and reserve the bulk of my time either for the Honorable Judge's questions or for a response, if necessary, to my opponents. The defendants in this case are either parties or not parties to the contract. That rather simple-minded statement is an important point in our brief and an important issue in this case. Because we don't know at this point, I certainly didn't know at the time of the pleading, and I don't think that we know now whether they were parties or non-parties, we have pled in the alternative. Well, the problem is you didn't. I mean, your pleading says, sets forth a bunch of allegations, including that the defendants were either parties or agents of parties to the contract, that were meant and that were explicitly said to apply to all causes of action. The court on your prior appeal resolved whether you had adequately pled that there was a breach of contract. You didn't change those allegations at all. So that remains precluded. And since you said that they were parties and since the exhibits that are attached to the complaint can properly be considered in looking at the sufficiency of the pleading show that they were in fact parties to the agreement or agents of parties to the agreement, then your either-or statement falls apart. Respectfully, I disagree. I'm sure you do. 8E2 permits us to plead in the alternative, which we did, and it should not, therefore, cause us to be penalized by a judicial admission. Well, let's forget, okay? Let's just forget judicial admissions. All right. Look at the exhibits that are attached to the complaint and can be considered in connection with it. They plainly are parties or agents of parties to the agreements. I mean, they just are, aren't they? They are something which is yet to be determined factually. The scope and the amount of authority that an agent has is an issue of fact, respectfully, for a jury to decide. Well, it may be if the issue is genuine or important. But the issue here is whether they are parties and can, therefore, not as a matter of law, be capable of interfering with a contract or inducing its breach. Well, but if they're not parties, then they are interfering with a contract, which is they do have that capacity under the law. If they are parties, then it's a breach of contract. That's why we plead in the alternative. That is the whole purpose of pleading in the alternative, is because we don't know how the facts are going to show that. And so that's the only thing that's there. I'm sorry. What's your best fact that they aren't parties? I'm sorry. Let me cut to the chase here. What do you buy? I mean, it seems to me you want to keep kind of a hip pocket pleading in case you get thrown out. But, I mean, do you have any reasonable basis to believe that they're not parties or agents of parties? Well, parties or agents of parties, I guess, is in the alternative, I believe. They are not parties in the sense that they are not the contracting parties. They are certainly agents of parties because they are either a depository bank or a trustee or a servicer. But what does that make them is the issue, I think, that still has to be decided. The bundle of sticks, as my real property professor would say, we don't know yet how many of the bundle of sticks they receive. So are they parties as determined? I believe that we are, as determined by a jury, I believe we are allowed to plead in the alternative depending which way it occurs. Isn't that a question of law rather than fact in this case? Respectfully, I think the fact of whether they're parties or not is that that is based upon fact, the scope, the extent of their authority. It is a question of law as to whether or not we should be permitted to plead in the alternative, either as to whether it's an interference with contract or it's an interference with or it's a breach of contract. But that is based upon ultimately the termination of fact, either by the court or by the jury. Do I take it from your answer that what you intend to do if this is remanded is to go to a jury and argue in the alternative? Yes. I believe that we're permitted to elect our remedies shortly before trial based upon what the facts have shown by discovery. We recall we have not done any discovery in this case. That wasn't my question. I'm sorry. I mean, you seem to be saying that you had no intention of electing remedies, that you were going to go before a jury and argue an either-or and let the jury determine, I think, were the words that you used. I think hopefully, and if I said it improperly, I apologize for not being articulate, but I intend fully to see what the facts show as of the time of trial and then elect my remedy. Yes. Okay. You keep saying you don't know what the facts will show. Yes. Do you have any reasonable basis at this point to believe that they are not parties or agency parties? I believe that I have a reasonable basis to allege that they are not parties. I don't. You're talking about summary judgment on the interference counts. I'm sorry? You're talking summary judgment on the interference counts. Well, if the court. Not pleadings. If the judge decides summary judgment based upon a full discovery of the facts, then, of course, I will live by that. Did you make any objection to Rule 57? Did you make any 57F affidavit? No. Well, so summary judgment is okay. Well, as we say in our my, my, my, don't we have to say, as we say in my neck of the woods, you have to fry with what's on the skillet here? I mean, you've got the facts here in summary judgment? What other? We've not been permitted to take our discovery. We've not been permitted to see what the facts will fully disclose when developed. And one way or the other, we should be permitted to proceed either with the breach of contract or the interference with contractual arrangement. What's your fraud theory? Okay. My fraud theory is that Deckert, the defendant, promised to include the changes in the final agreement, sent out, as we've alleged, sent out the various signature pages with the promise that they would be included. They were not included. And as a result of our reliance, we were damaged when we got into this problem. Which is immediately obvious. I'm sorry? Which is immediately obvious. Right? I mean, if I hand you this and tell you it's got three pieces of paper on it, it's immediately obvious that that's not true. So how can you reasonably rely on it? How can it be justifiable or reasonable? Because I have a client who runs this company that's got a seventh grade education, and he didn't review it immediately. Who's been in the real estate business negotiating sophisticated deals for over 30 years. Six million dollar deal. And who had four different lawyers involved expressing opinions on the transaction. Yeah, but this is an issue of fact as to whether or not he was justified in his reliance. We are still pleading at this stage of the game. We have pled that he was justified in his reliance. Can you explain to me in simple terms how anybody with 35 years experience in the real estate business with four lawyers could possibly reasonably rely on somebody's representation about what's in a document that he himself has in his hand. And signs. I don't know that he had four lawyers, but I think that. Well, okay, forget that. All right. A person who doesn't want to pay a lawyer to look at a document when it comes back and doesn't look at it until it becomes an issue. Yes, the person could make the mistake and not look at it on a timely basis. That's not justifiable or reasonable reliance. Well, you know that. Don't you also have to show that your client was fraudulently induced to sign a merger clause? Yes, that's what we have. And what was it? Who fraudulently induced your client to sign the merger clause? Our allegations say that Deckert fraudulently. Who had Deckert? Sorry, I don't have the name in front of me. But the particular person who engaged in the negotiation with his attorney, which is in the record. It's not sufficient, is it, just to generally allege these things? I mean, the requirements are that it be done with particularity. Yes. Well, you just say Deckert. You don't have any idea who. No, but the member of Deckert's firm who I – we did allege in our complaint the Deckert firm made this allegation. Now, if that could be corrected, if that is a defect in the eyes of this Court, that can – we can put the particular individual, if that is the defect, that's something that we can amend to do with ease, and we should be permitted to do so. But you've already had one crack at an amendment. We've been fighting an awful lot of problems. But the fact of the matter is, if that is the defect, which before was not in any way pointed out in any way, we can respond to that with the particular name of the person. It was pointed out that you had to plead with particularity. Yes. And we did. I'm not pleading with particularity to say the United States defrauded me. No, but we said with particularity the following, that the change pages were promised to be incorporated, that they were not included in the final version, that there was an intent to induce reliance, and that the – because they were not included, that we were damaged. That's all that the law under notice pleading requires. Not – if this Court feels that we are defective because we have not named the particular person at Deckert, we can easily amend that. What – do you have an allegation here that this was done intentionally? Yes. And do you have any evidence that supports that? Right. We're still pleading, but the intention, the evidence is that it was told to us that it would be included. Right. That it wasn't included. Right. So, yes, we are using that as a basis. So what's the difference between that? Where's the evidence that takes that out of negligence and puts it into fraud? Where's your evidence? Where's your mens rea evidence? We don't have that evidence because we've not been allowed to do any discovery to take any depositions. We don't – we can't know intellectually, honestly, whether it was intentional or just a mistake until and unless we take somebody's deposition. So you've made it obvious. Well, isn't that the purpose of Rule 9 in charging a law firm or anybody else with intentional deceit? Isn't that why Rule 9 requires particular allegations? Yes, and we believe that we have. And what is your Rule 11 good faith basis for making an allegation of intentional fraud on the part of the law firm? Because, as I've – I don't have any other information other than what I've told this case. Well, then how does it comply with Rule 11? Because we have a situation in which there was an attorney, an individual at Deckard's Firm, who promised that these would be included in – when they take the signature pages, it will be included with the changes made, and they were not. But that's not enough to be fraud under – if he's accepting that as true. That's just a – it could be a negligent transaction. It could be – you may have a promissory estoppel claim. But how do you get to fraud that this was all undertaken with the intent of deceiving your client? Because is there anything in the record, evidence, documents, from which one could even draw an inference that this was done with the whole intent of fraudulently inducing your client to sign it? I believe that the promise to do so is the evidence that we have to base ourselves on, because we've not yet been permitted to conduct discovery. Why don't you keep the rest of your time? We'll hear from the other side. Very well. Thank you, Counsel. Good morning, Your Honors, and may it please the Court. I'm Mark Riera. I'm Counsel for Appellee Deckard Price and Rhodes. Counsel agreed to allocate our time. I think I'll try to be brief and reserve approximately five to six minutes for my presentation and any questions the Court may have. My colleague, Ms. Rachel Hellyer from the Aiken Gump Firm, will address the balance of the argument, except as may regard First Union National Bank specifically, in which case Mr. Robin Campbell of the England Flewelling Firm is able to answer any questions that may arise there. The question here is where have we been since this case was last in the Court? The Court made it very clear that while fraud, negligent misrepresentation, as to Deckard Price and Rhodes may be available theories, the facts were not alleged sufficiently to constitute an actionable claim. Remand was given with leave for CalSTAR to attempt to replete. Where are we now? We find ourselves again with the Second Amendment complaint while it has many different allegations pleaded in the alternative, many details related to a complicated transaction. We still find that as regards Deckard Price and Rhodes, we lack the essential who, what, where, and when that this Court has repeatedly instructed is necessary before settling a defendant with the burdens of discovery, pretrial proceedings, and trial. They admit they don't know. That's why they want discovery. That seems to me to be at cross-purposes with Rule 9b. Rule 9b requires something more before those kinds of allegations can be made. Don't file fraud charges until you know what you're talking about. Well, particularly when you're dealing with a large national law firm, there are many repercussions of having a firm like that. First, having its reputation sullied with the claim of legal malpractice. And second, there are complications with respect to the way they do business, lines of credit, and so on. But that really is beyond what we're here to talk about today. Mr. Sayre argues that even if that's correct, that the who, what, when, where are not adequately or specifically enough alleged, he should have leave to amend in order to do it. I don't think that the prior dismissal was a Rule 9 dismissal. Was it? Yes, it was. It was? Yes. It was dismissal for failure to state a claim under 12b-6. Yes. Under the standard of Rule 9b. Okay. Where am I going to find that in the ---- That should be ---- If so, it makes the amendment issue much clearer. If not, it leaves it open somewhat. That appears in the appendix on page 57, volume 1. In what document? This is in the excerpts of record, Your Honor. No, no, no. I mean ---- And the title of the document is Order Dismissing Claim of Second-Land Complaint against Deckert, Price and Rose. Oh, yeah, I understand that. I'm talking about the prior dismissal. The prior dismissal was a 12b-6 dismissal, if I understand it correctly, and wasn't a 9b dismissal as to Deckert. That is correct, Your Honor. Okay. So this is the first Rule 9 dismissal as to Deckert. I'm not following the reference to Federal Rule 2349. All right. If I understand it correctly, the first complaint that was up here on appeal before was just dismissed for failure to state a claim. I may misunderstand the record. That's why I'm asking you the question. But my understanding is it was a dismissal for failure to state a claim under 12b-6. Then it goes back down, and the district court on remand with respect to the second amended complaint dismisses as to Deckert on Rule 9 grounds. Have I got that wrong? Oh, I think I understand what Your Honor is saying now. In both instances, Deckert challenged the first amended complaint and the second amended complaint under Rule 9b for failure to allege fraud with specificity. Okay. Where can I find that? That would be. I don't see it in the ruling. Is it? That would be in Deckert's initial motion to dismiss the first amended complaint. Were there other bases on which you urged a 12b-6 motion? No, there were not. That was the sole basis, that they had failed to allege the who, what, where, and when, most particularly the alleged change pages. Without knowing what those change pages would have said, we have no idea what the misrepresentation would have been. There's quite a lot of allegations as to what the course of dealing was between CalSTAR and Deckert and the other parties, but we don't know who said what or what precisely was said. I would note, too, that as concerns amendment, CalSTAR has not in its briefs to this court asked for amendment. To the contrary, it stood on the strength of its second amended complaint and argues that that alone is sufficient. I think the matter is well briefed, and I will send in unless there are further questions. Thank you. Morning, Your Honors. Rachel Hellyer. As he explained, I'm speaking on behalf of Lennar, LaSalle, and First Union, unless you have a specific question for my colleague. I think this is true of the fraud claims as well as the breach of contract claim, but this Court in its initial round gave CalSTAR an opportunity to go back and amend its pleadings because they didn't have sufficient facts. And as our red line shows, they didn't add anything. And certainly, it didn't add anything with respect to breach of contract. They didn't even attempt to amend it. I don't know if that was strategic or careless or what, but under law of the case, the district court could do nothing but dismiss it at that point. Your red line version shows they added a lot on the fraud charge. Okay. I didn't look at those because they're not arguing fraud against us on appeal. Okay. And they certainly didn't add anything on breach of contract. Therefore, I don't think my colleague can go back and argue to the jury that this is alternatively a breach of contract or a tortious interference case. The breach of contract claim was dismissed properly. He hasn't asked an appeal to amend it, nor could he. And although he tries to add facts on appeal that relate to breach of contract, all we're really left with is the summary judgment on tortious interference. He did have discovery on that and has never produced any evidence to show that there were anything other than parties to the contract, which is what the pleadings themselves show, even allowing for pleading in the alternative. This is a case where we have a party who has attached contracts to the complaint, stated over and over again in the common facts, and even under tortious interference itself, that we are parties or agents to these contracts. And the only thing that resembles a hypothetical pleading is if we were to deny that we were parties, then we would be liable for interference potentially. But no one's ever denied. Your position is very clear. Okay. No other questions? Nope. Thank you. Anything else from your side? All right. Do you think you have to add anything else, counsel? Yes, briefly. Thank you, Your Honor. Go ahead. We, in attempting to be particular with regard to the allegations of the breach of contract, did attach all four operative complaints, and we alleged 20 distinct separate breaches, which we actually tied in to the paragraphs of those particular complaints. We alleged all the elements of the breach of contract consistent with that as far as the existence, the performance of the obligation, the breaches, and we alleged the damages. That is the completeness of what we could put forward at this point without any further discovery, but I believe that that respectfully complies with the codes with regard to notice pleading on the subject of breach of contract. There was no finding by the court specifically with regard to 9B. There was a 12B6 dismissal on the first occasion, and that is correct. The rest of it, as I've said, I have stated in the brief, and I've told you our position. If you have any questions, I would be happy to respond to them. All right. Thank you. The case is resorted and submitted, and we will recess until tomorrow morning. All rise. The court for this session stands adjourned. Thank you. Thank you.
judges: Trott, Rymer, Thomas